No. 627
CLEVELAND DROP FORGE CO. v.
TRAVELERS IND. CO.
No. 19185. Supreme Court
On motion to certify. Dock. June 4, 1925; 3 Abs. 377.

647. INSURANCE—Should terms of boiler insurance policy be so construed as to cover one phase of explosion and not another phase, the condition in both cases being result of said explosion?

The Cleveland Drop Forge Co. brought an action in the Cleveland Municipal Court to recover on two policies of boiler insurance issued by the Travelers Indemnity Co. These policies were issued to cover damages to the boilers of the Forge Co. by explosion and defined explosion as follows: "Explosion shall mean the sudden rupture or collapse of a boiler or of its furnace, flues or other parts caused by the pressure of steam."

It was claimed that rivits in the lower part of the front head of two of the Forge Company's boilers had pulled away, and when the sheet had pulled back, the rivets were pulled through it, making holes which allowed water to run out of the inside of the boiler. It was also claimed that on the lower steel shell of the boiler, near the front head, there was a large bag off the circular surface of the shell. This "bag" was sort of an inflation or an expanse of the boiler that stretched, due to the heat and pressure. In this case repairs were made to the boiler, which included sealing the ruptures in the boilers and driving back the bag into place. The trial court found in favor of the Forge Co. permitting it to recover the cost of repairs to both boilers.

Error was prosecuted by the Indemnity Co. and it was contended by them that (1) there was no explosion of the boiler within the meaning of the policy, (2) that the damages awarded were excessive for the reason that the bag was no part of the explosion, and therefore the cost of the repairs to the bag should not have been included in the judgment. The Court of Appeals affirmed the lower court as to the first specification; but reversed it as to the second specification.

In the Supreme Court, the Forge Co. contends that the Court of Appeals erred in holding that the Insurance Co. under the policy, was not liable for the damage to the boiler except at the point where the actual rupture occurred. It is contended that the undisputed testimony is that the damage to the boiler was all part of the same occurance, that the rupture in the boiler was part of the bag, and that both the rupture and the bag were caused by the pressure of steam.

The Forge Co. claims that the cost of driving back the bag in the boiler was covered by the terms of the policy and that the trial court was correct in allowing the recovery of damages for such repairs. It is not a reasonable construction of the policy to pick out one item of the damage and hold that it alone is covered. Either all the damage as a result of the explosion is covered or none of it is covered.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp, and Wm. R. Daley for Forge Co.; Dustin, McKeehan, Merrick, Arter & Stewart for Indemnity Co.; all of Cleveland.